Filed 6/28/21  P. v. Sanchez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059825 |
| v. | (Super. Ct. No. 06CF0077) |
| LOUIS ARMANDO SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Luis Armando Sanchez filed a notice of appeal, and appointed counsel filed a brief summarizing the case with citations to the record, but counsel raised no arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a separate handwritten brief on his own behalf.

Because this is not defendant's first appeal as a matter of right, we are not required to independently review the record, but we may conduct such a review in the interests of justice. (*People v. Flores* (2020) 54 Cal.App.5th 266, 268.)

In 2008, defendant was convicted of premeditated attempted murder.[1] The court sentenced him to an indeterminate life term for attempted murder, a consecutive life term for the firearm enhancement and a two-year concurrent term for active participation in a criminal street gang. On direct appeal, we affirmed the judgment. (*Rodriguez*, *supra*, G041795.)

A full recitation of the facts can be found in *Rodriguez*, *supra*, G041795. Suffice it to say that defendant was with fellow gang members who, wearing black hooded sweatshirts, rode on bicycles into rival gang territory, and approached members of the rival gang. Gunshots rang out upon the rival gang members and the victim was shot, but not killed. Defendant was not the shooter, but he rode beside or just behind the shooter, and stood by while the shooter fired. Defendant admitted to the investigating officer he backed up his gang for nine months.

On March 29, 2019, defendant filed a petition for resentencing in the superior court pursuant to Penal Code section 1170.95. (All further statutory references are to the Penal Code.) The court appointed an attorney to represent defendant. The court heard argument of counsel, and reviewed the information, jury instructions, jury's verdict and findings, the sentencing minute order, the abstract of judgments from April 8, 2009, and November 8, 2010, this court's July 28, 2010, opinion and a minute order

---

[1] Defendant was an additional defendant in *People v. Rodriguez et al.* (July 28, 2010, G041795) [nonpub. opn.] (*Rodriguez*).

2

based on the remittitur. Finding defendant does not qualify for relief under section 1170.95, the court denied his petition.

The Legislature adopted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, *to ensure that murder liability is not imposed on a person who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), italics added; see § 189, subd. (e).) SB 1437 therefore amended sections 188 and 189 to limit the natural and probable causes doctrine and the felony-murder rule. (See §§ 188, 189, subd. (e).)

Additionally, SB 1437 enacted section 1170.95. Under subdivision (a) of section 1170.95, a person convicted of first or second degree murder may petition a trial court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

There are two lines of authority on the issue of whether a conviction for attempted murder, rather than murder, falls within the ambit of section 1170.95, and this issue is under review by the California Supreme Court, which, of course, will have the final say in this matter. In *People v. Dennis* (2020) 47 Cal.App.5th 838 (*Dennis*), review granted July 29, 2020, S262184; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Lopez* (2019) 38 Cal.App.5th 1087 (*Lopez*), review granted Nov. 13, 2019, S258175; and *People v. Munoz* (2019) 39 Cal.App.5th 738, review granted Nov. 26, 2019, S258234,

3

districts have held that section 1170.95, does not apply to attempted murder, including this one. A conflicting line of authority from the Fifth Appellate District has reached the opposite conclusion. (See *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008-1009, review granted Mar. 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, review granted Feb. 26, 2020, S259983.)

As the court discussed in *Lopez*, *supra*, 38 Cal.App.5th at page 1104: "[T]here is nothing ambiguous in the language of Senate Bill 1437, which, in addition to the omission of any reference to attempted murder, expressly identifies its purpose as the need 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] Had the Legislature meant to bar convictions for attempted murder under the natural and probable consequences doctrine, it could easily have done so."

"The Legislature's obvious intent to exclude attempted murder from the ambit of the Senate Bill 1437 reform is underscored by the language of new section 1170.95, the provision it added to the Penal Code to permit individuals convicted before Senate Bill 1437's effective date to seek the benefits of the new law from the sentencing court. Section 1170.95, subdivision (a), authorizes only those individuals 'convicted of felony murder or murder under a natural and probable consequences theory' to petition for relief; and the petition must be directed to 'the petitioner's murder conviction.' Similarly, section 1170.95, subdivision (d)(1), authorizes the court to hold a hearing to determine whether to vacate 'the murder conviction.'" (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1104-1105.)

"The plain language meaning of Senate Bill 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history.

4

[Citations.]  When describing the proposed petition process, the Legislature consistently referred to relief being available to individuals charged in a complaint, information or indictment 'that allowed the prosecution to proceed under a theory of first degree felony murder, second degree felony murder, or murder under the natural and probable consequences doctrine' and who were 'sentenced to first degree or second degree murder.'  [Citation.]  In addition, when discussing the fiscal impact and assessing the likely number of inmates who may petition for relief, the Senate Committee on Appropriations considered the prison population serving a sentence for first and second degree murder and calculated costs based on that number.  [Citation.]  The analysis of potential costs did not include inmates convicted of attempted murder." (*Lopez*, *supra*, 38 Cal.App.5th at p. 1105.)

We adopted this reasoning in *Dennis*, *supra*, 47 Cal.App.5th at pages 845-846.  We further rejected the reasoning of *People v. Medrano*, *supra*, 42 Cal.App.5th 1001, and the cases following it as flawed.  (*Dennis*, at p. 846.)

We have not been persuaded to change our view, and continue to join the majority of courts in concluding that attempted murder is not within the ambit of section 1170.95.  The statute is clear on its face, and we cannot add language the Legislature itself chose not to include.  We further concur with *Lopez*, *supra*, 38 Cal.App.5th at pages 1107-1112, that the Legislature's choice not to include attempted murder within the ambit of section 1170.95 does not violate equal protection principles.  "The remedy for any potentially inequitable operation of section 1170.95 lies with the Legislature.  If the Legislature concludes it is unwise or inequitable to exclude attempted murderers from Senate Bill 1437's reach, it has only to amend the law." (*People v. Munoz*, *supra*, 39 Cal.App.5th at pp. 759-760.)

5

We have conducted an independent review of the record and found no arguable issues that require briefing or argument.  Accordingly, the trial court's order denying the section 1170.95 petition is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.